IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 11-30178 -GPM |
| | ) | |
| | ) | |
| RUFINO TORRES-HERRERA | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court on a motion for relief from judgment filed by Defendant Rufino Torres-Herrera (Doc. 59). Mr. Torres-Herrera was charged with illegal reentry into the United States by an aggravated felon pursuant to 8 U.S.C. § 1326(a) and (b)(2) (Doc. 17). On January 6, 2012, Mr. Torres-Herrera entered a plea of guilty to the charge contained in the superseding indictment (Doc. 25). The Magistrate Judge issued a report and recommendation that the guilty plea was knowing and voluntary and recommended the plea of guilty be accepted (Doc. 28). The matter then came before this Court for sentencing and Mr. Torres-Herrera was sentenced to forty-six (46) months' imprisonment followed by one year of federal supervised release (Doc. 40).

Mr. Torres-Herrera filed a timely notice of appeal (Doc. 45). While the appeal was pending and nearly one year after this Court sentenced Mr. Torres-Herrera, he filed the instant motion now before the Court. The United States Court of Appeals for the Seventh Circuit found no error in this Court's sentence and affirmed the judgment (Doc. 60-1).

The instant motion is premised on Federal Rule of Criminal Procedure 52 and Federal Rule of Civil Procedure 60 (Doc. 59). The Federal Rules of *Civil* Procedure "govern the procedures in all *civil* actions and proceedings in the United States district courts . . . ." FED. R. CIV. P. 1 (emphasis added). Since this is a criminal case and not a civil case, Civil Rule 60 is an inapplicable legal basis of support for Mr. Torres-Herrera's motion.

Under Federal Rule of Criminal Procedure 52(b), "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." FED. R. CRIM. P. 52(b). However, the filing of a notice of appeal is a jurisdictionally significant event, and once filed divests the district court of jurisdiction. *United States v. Rincon*, 477 F. App'x 391, 393 (7th Cir. 2012). The notice of appeal was timely filed in this case on May 14, 2012, which then divested this Court of jurisdiction.

Moreover, Criminal Rule of Procedure 52(b) "permits an appellate court to recognize a 'plain error that affects substantial rights' even if the claim of error was 'not brought' to the district court's 'attention'." *United States v. Marcus*, 560 U.S. 258, 130 S. Ct. 2159, 2164, 176 L. Ed. 2d 1012 (2010). The proper place, therefore, to assert the arguments set forth in Mr. Torres-Herrera's motion was in his appeal with the Seventh Circuit. The Court of Appeals has spoken and found no error; the Court does not have the jurisdiction to pass on the merits of Mr. Torres-Herrera's motion.

To the extent that Mr. Torres-Herrera wishes to collaterally attack the validity of his sentence, the proper method is a petition pursuant to 28 U.S.C. § 2255. A criminal defendant may attack the validity of his sentence under Section 2255 only if "the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994).

In summation, Mr. Torres-Herrera's motion for relief (Doc. 59) is **DENIED** as this Court is without jurisdiction to pass on this matter. The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum and Order to Mr. Torres-Herrera along with the proper forms for filing a 2255 petition.

**IT IS SO ORDERED.**

**DATED**: August 2, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge